# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Eric Michael Sorenson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 15 C 50088 |
| | ) | |
| Rozlin Financial Group, et al., | ) | |
| | ) | |
| Defendants. | ) | Judge Frederick J. Kapala |

## ORDER

Defendants' unopposed motions to dismiss [13][21] are granted in part. Plaintiff's federal claims are dismissed with prejudice. The court relinquishes jurisdiction over plaintiff's state-law claims. This case is closed.

## STATEMENT

On April 14, 2015, Eric Michael Sorenson filed suit against defendants, Rozlin Financial Group, Inc., Collegiate Housing Services, Manuel Ortiz, and other unnamed "Doe" defendants, alleging violations of the Federal Debt Collection Practices Act ("FDCPA"), the Fourteenth Amendment and the Minnesota Constitution, and various state-law tort claims. All of Sorenson's claims arise from the receipt of a July 24, 2014 debt-collection letter from Rozlin, authored by its employee Ortiz, which attempts to collect a debt originally owed by Sorenson to Collegiate Housing Services. Sorenson alleges that any lawsuit to collect the debt is time barred and therefore the letter violates the FDCPA, the constitution, and various state laws. Rozlin and Ortiz have filed a motion to dismiss, arguing that the July 24, 2014 letter (which is attached to the motion to dismiss but missing from the complaint) is in compliance with the Seventh Circuit's interpretation of the FDCPA because it states "[t]he law in your state limits how long we can seek judicial remedies on this a [sic] debt. Because of the age of this debt, we will not sue you for it, and we will not report it to any credit reporting agency. However, the law does not eliminate this debt obligation and allows us to seek payment for your debt obligation." Collegiate, in a separate motion to dismiss, also argues that the complaint fails to state a claim, but makes a secondary argument that any claim against it is also time barred. In both motions, defendants argue that this court should dismiss Sorenson's claims with prejudice, as Sorenson cannot amend his complaint to address these deficiencies. Despite being given an extension to file his response, Sorenson has not opposed the motions to dismiss, and his deadline to do so has long passed.

When deciding a defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court accepts all of the well-pleaded allegations of the complaint as true and draws all reasonable inferences in favor of the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

(2007); Killingsworth v. HSBC Bank Nev., N.A., 507 F.3d 614, 618 (7th Cir. 2007). To state a claim under the Federal Rules, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). In analyzing whether a complaint has met this standard, the "reviewing court [must] draw on its judicial experience and common sense." Id. at 679. Typically, the court is limited to the complaint and the documents attached to it when reviewing a motion to dismiss, however, it may consider documents, like the July 24, 2014 letter in this case, which are attached to a motion to dismiss, referenced in the complaint, and central to plaintiff's claims. See Adams v. City of Indianapolis, 742 F.3d 720, 729 (7th Cir. 2014) ("Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and central to his claim." (alteration and quotation marks omitted)).

Sorenson's failure to respond to the motions results in a waiver of any response and the court interprets that waiver as an abandonment of his FDCPA claims. See Alioto v. Town of Lisbon, 651 F.3d 715, 721 (7th Cir. 2011) ("Longstanding under our case law is the rule that a person waives an argument by failing to make it before the district court. We apply that rule where a party fails to develop arguments related to a discrete issue, and we also apply that rule where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss." (citations omitted)); Bonte v. U.S. Bank, N.A., 624 F.3d 461, 466-67 (7th Cir. 2010) ("Failure to respond to an argument—as the Bontes have done here—results in waiver. . . . This leaves us no choice but to accept U.S. Bank's assertions—supported as they are by pertinent legal authority—that the allegations in the Bontes' complaint do not entitle them to relief."). Here, defendants have developed argument, supported by pertinent legal authority, that Sorenson has not, and can not, state a claim under the FDCPA or other federal law. As Sorenson has waived any response and abandoned his claims, the motions are granted and the federal claims are dismissed with prejudice.

But, even if he had not waived his responses, defendants' arguments that the July 24, 2014 letter is not actionable under the FDCPA are well taken. In McMahon v. LVNV Funding, LLC, the Seventh Circuit held that collection efforts that seek payment of time-barred debts are not illegal, but that a dunning letter that sought to "settle" a time-barred debt without mentioning its legal status was potentially misleading for the purposes of the FDCPA. 744 F.3d 1010, 1020 (7th Cir. 2014). The Seventh Circuit focused on two issues, that the language of the dunning letter included use of the word "settle" which "implies that the debt is legally enforceable" and failed to give notice that the debt was time barred. Id. Here, however, the collection letter does not use the language of "settling" the debt, which is commonly used to deal with legal claims, but instead speaks of "clearing" and "payment" of a "financial burden," which does not carry the same common use in legal circles. Moreover, and more importantly, the letter explicitly notes the issue of a time bar and states that the recipient will not be sued and the obligation will not be reported to credit agencies. Unlike in McMahon, there is nothing in the July 24, 2014 letter which would mislead an unsophisticated consumer.

The remaining FDCPA allegations (like those claiming harassment) are raised only in conclusory fashion with no supporting factual allegations aside from the time-bar issue, and therefore

2

not plausibly stated. Sorenson's remaining federal contention, that the collection of a time-barred debt via dunning letter is somehow violative of the Fourteenth Amendment, is frivolous. There is no support in case law for such a claim, and, since defendants are not government agencies, there is no basis to enforce the constitution against them in any event. See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 195-96 (1989) ("[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. . . . Like its counterpart in the Fifth Amendment, the Due Process Clause of the Fourteenth Amendment was intended to prevent government from abusing its power, or employing it as an instrument of oppression." (alteration and quotation marks omitted)).

For each of the foregoing reasons, the complaint does not state a claim for a violation of the FDCPA or the Fourteenth Amendment (by way of § 1983 or any other theory). Those federal claims, and the federal question jurisdiction which accompanied them, were all that gave rise to this court's original jurisdiction.[1] Although "supplemental jurisdiction persists even if all the claims giving rise to original jurisdiction have been dismissed," the general rule is that "when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." Miller v. Herman, 600 F.3d 726, 738 (7th Cir. 2010) (quotation marks omitted); see also 28 U.S.C. § 1367(c). Here, the court exercises its discretion and declines to consider plaintiff's claims that are premised on state law. Accordingly, the state-law claims are dismissed without prejudice to filing in state court.

Nevertheless, Sorenson has abandoned his federal claims and the main thrust of his complaint is frivolous in any event. The motions to dismiss are granted in part and this case is closed.

Date: 11/10/2015

ENTER:

_____
FREDERICK J. KAPALA

District Judge

---

[1] In his complaint, Sorenson also passingly claims that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. However, the complaint has no allegations as to the citizenship of any party, just where they are "housed." Regardless, the complaint also lacks any allegation that the damage to Sorenson from a single dunning letter seeking to collect a $3,000 debt exceeds the $75,000 amount-in-controversy threshold. Thus, the complaint does not remotely suggest the existence of diversity jurisdiction.

3